WIGGINTON, Judge.
Appellant, Bay Machine and Boat Works, Inc., who was defendant and third party plaintiff in the suit brought against it by Webb Wood Products, Inc., a corporation, seeks appellate review of a summary final judgment rendered in favor of the third party defendant, Ray-Brooks Machinery Co., Inc., and its insurance carrier, Employers Commercial Union Companies.
Plaintiff, Webb Wood Products, Inc., contracted with Bay Machine and Boat Works, Inc., for the latter to overhaul and rebuild a diesel engine in plaintiff’s 1966 White truck. Bay completed its work under the contract and returned the truck to Webb who immediately placed it back in service. After the truck was operated on a trip covering approximately 1100 miles, it was returned to defendant Bay in order that the customary adjustments could be made in the valve settings. Complaint was made at that time by Webb that the motor was not running smoothly and was also smoking excessively. Because of the ill *271 ness of Bay’s mechanic who had done the original work on the motor, the truck was delivered to third party defendant, Ray-Brooks Machinery Co., with instructions that the necessary fuel injector and valve adjustments be made in the motor. Ray-Brooks completed its work and returned the truck to Bay who delivered it hack to its owner, Webb. The truck was immediately placed back in service but after traveling only a short distance the motor failed, rendering the truck completely inoperative.
Because of the mechanical failure of the motor, Webb was required to expend sums of money and otherwise suffered damages for the recovery of which this suit was instituted. The cause of action is premised upon the theory of breach of contract and breach of warranty. Bay filed its third party complaint against Ray-Brooks charging the latter with negligence in the work it performed on the motor in adjusting the fuel injectors and valves, which negligence was alleged to be the proximate cause of the damage to the motor. Ray-Brooks filed an answer in which it denied any negligence on its part in its performance of the work it did on the truck.
In the summary judgment appealed herein the trial court found from the pleadings, interrogatories, depositions and affidavits in the file that the cause of the damage to the White truck owned by plaintiff Webb did not result from any defective work on the part of the cross-defendant, Ray-Brooks, but resulted from the breaking of a cam follower in the motor.
The deposition by the witness Fielding, president of Bay, and the affidavit of its expert witness, Elmore, filed in opposition to Ray-Brooks' motion for summary judgment, contain no competent or admissible evidence of material facts from which a jury might reasonably conclude that the broken cam follower which damaged the motor and caused its failure resulted directly from the manner in which Ray-Brooks attempted to adjust the fuel injectors and valves in the motor. The pleadings, depositions and affidavits fail to create a genuine issue concerning the alleged negligence of Ray-Brooks in the adjustments it made of the valves in the motor of the truck. Under these circumstances it must be held that Ray-Brooks sustained the burden of establishing on the basis of this record the nonexistence of any genuine triable issue of a material fact capable of proof at the trial. Having carried this burden, the summary judgment in its favor was proper.[1]
The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. Holl v. Talcott (Fla.1966) 191 So.2d 40.